UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　Plaintiff,<br><br>　v.<br><br>FRANCISCO VILLA MERAZ,<br><br>　　　　　　　　Defendant. | NO: CR-10-6098-RMP<br><br>ORDER ADDRESSING PRETRIAL MOTIONS AND SETTING TRIAL DATE AND DEADLINES |

The following motions by Defendant are before the Court: Motion to Dismiss, ECF No. 22; Motion for Production of 404(b) and 609 Evidence, ECF No. 26; Motion to Interview Informant and/or Cooperating Co-Defendants, ECF No. 28; Motion to Produce Witness Benefits, ECF No. 30; Motion for Disclosure, ECF No. 32; and Motion in *limine,* ECF No. 49. Also before the Court is the Government's Motion in *limine,* ECF No. 46.

The Court has reviewed the file and motions, heard from counsel, and is fully informed. This Order is entered to memorialize and supplement the oral rulings of the Court.

ORDER ADDRESSING PRETRIAL MOTIONS AND SETTING TRIAL DATE AND DEADLINES ~ 1

## BACKGROUND

A pretrial hearing was held in this matter on May 4, 2011.  The Defendant, who is in custody, was present and represented by Attorney George P. Trejo, Jr. and was assisted by Court-appointed interpreter Bea Rump.  The Government was represented by Assistant United States Attorney Shawn Anderson appearing on behalf of AUSA Aine Ahmed, who attempted to appear by video conference because of a conflicting court hearing before a different judge.  However, due to technical difficulties in the Court's equipment, Mr. Ahmed was unable to participate in the hearing.  At the previous pretrial conference, Mr. Ahmed had argued the pending motions, and at defense counsel's suggestion, the Court is deciding the pending motions without additional argument from either party.

## FACTS

According to the pleadings, the Defendant was arrested at the house of his brother on November 23, 2010.  On that same day, a search warrant was executed upon his residence.  The affidavit in support of the search warrant was supported in part by information gleaned from two confidential informants.

Pursuant to the search, law enforcement officers discovered a pistol and body armor in the bedroom of the Defendant.  Officers also discovered a scale, plastic baggies, and other indicia of drug sales at his residence.

ORDER ADDRESSING PRETRIAL MOTIONS AND SETTING TRIAL DATE AND DEADLINES ~ 2

A witness, Jose Chavez-Gutierrez, claimed that the pistol found in the Defendant's room was his and that he had given the pistol to the Defendant on an evening where he had been drinking and was worried about possessing the weapon with alcohol in his system. Chavez-Gutierrez was able to pick the pistol out of an eight-pistol photo lineup.

## DISCUSSION

**Defendant's Motion to Dismiss**

The Defendant has moved to dismiss this case arguing that the Government has presented no evidence that the Defendant intended to possess the pistol because the pistol allegedly discovered in the Defendant's bedroom was left by an intoxicated visitor. ECF No. 23 at 1-2.

The Government asserts that this is an inappropriate time to challenge the case on evidentiary grounds because no evidence has yet been presented. ECF No. 45 at 2-3. For its argument, the Government cites to *United States v. Boren* for the prospect that "'[a] motion to dismiss the indictment cannot be used as a device for a summary trial of the evidence . . . . The Court should not consider evidence not appearing on the fact of the indictment.'" 278 F.3d 911, 914 (9th Cir. 2002) (quoting *United States v. Jensen*, 93 F.3d 667, 669 (9th Cir. 1996)).

The Court agrees that the Defendant's motion, EFC No. 22, is premature and must be denied. If after the presentation of the Government's case the Defendant

ORDER ADDRESSING PRETRIAL MOTIONS AND SETTING TRIAL DATE AND DEADLINES ~ 3

may move pursuant to Federal Rule of Criminal Procedure 29 to dismiss the charges.

**Motion to Produce 404(b) and 609 Evidence**

The Defendant has moved the Court to order the Government to disclose Federal Rule of Evidence 404(b) or 609 evidence that the Government intends to offer at trial. ECF No. 26. The Government appears to have disclosed its 404(b) evidence both in its Motion in Limine, EFC No. 46, and orally to the Defendant. Therefore, the Court concludes that this motion is moot. Accordingly, the Court will deny the motion in part with leave to renew.

The Court has no record of any disclosure by the Government regarding potential 609 evidence. In the interests of ensuring fairness and avoiding undue surprise, the Court grants the Defendant's motion in part and orders the Government to disclose within five days of the issuance of this order any Fed. R. Evid. 609 convictions that it intends to use to impeach the Defendant.

**Motion to Interview Informant**

Defendant next moves the Court for an order allowing the defense to interview the confidential informant in this case. ECF No. 28. There appears to be a disparity between the arguments of the parties. The Defendant appears to assert that the identity of the informant is known. ECF No. 29 at 2. The Defendant argues that because the informant's identity is known, the Defendant should be

ORDER ADDRESSING PRETRIAL MOTIONS AND SETTING TRIAL DATE AND DEADLINES ~ 4

allowed to interview the informant. ECF No. 29 at 2. In contrast, the Government's argument is wholly focused on protecting the identity of the informants who provided information to police where that information was later disclosed as part of an application for a search warrant. ECF No. 44 at 2.

If the issue here is the disclosure of the identity of the informants, then the Defendant's motion must fail. The Government enjoys a limited privilege with regard to the identities of confidential informants. *Roviaro v. United States*, 353 U.S. 53, 59 (1957). In determining whether to reveal the identity of a confidential informant, a district court must balance "the public interest in protecting the flow of information against the individual's right to prepare his defense." *Id.* at 62. It is the Defendant's burden to show that disclosure is necessary, and "a mere suspicion that the information will prove helpful will not suffice." *United States v. Williams*, 898 F.2d 1400, 1402 (9th Cir. 1990) (citing *United States v. Johnson*, 886 F.2d 1120, 1122 (9th Cir. 1989)).

Here, the Defendant argues (1) that the interview may produce exculpatory evidence or (2) that the informant is a material witness and an interview is necessary to safeguard the Defendant's Sixth Amendment right to confrontation. First, the Defendant has provided no basis for the supposition that the informants have knowledge tending to show that the gun at issue in this case was not the Defendant's. In addition, if any informant has provided exculpatory information to

ORDER ADDRESSING PRETRIAL MOTIONS AND SETTING TRIAL DATE AND DEADLINES ~ 5

the Government, the Government already has an obligation to disclose that information to the Defendant under *Brady*. Second, the Government has stated that it does not intend to call the informants at trial. Therefore, no Sixth Amendment violation can occur. The Court will not order the disclosure of the informants' identities if they already are not known.

The situation is quite different if the identity of an informant is known. If "the identity of the informer has been disclosed to those who would have cause to resent the communication, the privilege is no longer applicable." *Roviaro*, 353 U.S. at 77. However, if the informants have been identified, it is unclear exactly what impediment prevents the Defendant from interviewing the informants without the benefit of a court order. The case cited to by the Defendant for the proposition that the government may not reserve "to itself alone the ability to interview a material witness," *United States v. Fischel*, 686 F.2d 1082, 1092 (5th Cir. 1982), involved a Defendant seeking the address of an informant. Here, the Defendant has sought no contact information through a court order. Accordingly, it is unclear whether the Defendant wants this court to subpoena the informants or order the Government to produce them for an interview. At this juncture, the Court finds no basis to do either. Additionally, as the Government has stated that it does not intend to call either informant at trial, most of the Defendant's argument is moot.

ORDER ADDRESSING PRETRIAL MOTIONS AND SETTING TRIAL DATE AND DEADLINES ~ 6

Accordingly, the Defendant's motion is denied with leave to renew if a factual basis is developed.

**Motion to Produce Witness Benefits**

The Defendant next moves the Court to order the Government to disclose any benefits provided to witnesses. EFC No. 30. It appears that the Government has satisfied this request by providing information that Confidential Informant number one is hoping to avoid prosecution by cooperating with the Government. EFC No. 44-1 at 8. Confidential Informant number two is being paid by the Government. EFC No. 44 at 8. Accordingly, this Court denies Defendant's motion as moot.

**Motion for Disclosure of Expert**

The Defendant next moves the Court to order the Government to disclose any expert witnesses on which it intends to rely. ECF No. 32. The Government has provided the information sought by the Defendant. ECF No. 48. Accordingly, this motion is denied as moot.

**Government's Motion in *Limine***

The Government has moved the Court to admit evidence of defendant's drug dealing for the purposes of showing that the Defendant knowingly possessed the firearm discovered during a search of his bedroom. ECF No. 46 at 2. To support

ORDER ADDRESSING PRETRIAL MOTIONS AND SETTING TRIAL DATE AND DEADLINES ~ 7

its argument, the Government relies on *United States v. Butcher*, 926 F.2d 811 (9th Cir. 1991), and *United States v. Carrasco*, 257 F.3d 1045 (9th Cir. 2001).

In *Butcher*, Lloyd Butcher was arrested by the California Department of Correction ("DOC") for a parole violation. 926 F.2d at 812-13. Butcher had been under observation by DOC prior to his arrest. *Id.* at 813. On May 23, 1988, Butcher was observed leaving his house carrying a black brief case. *Id.* The truck he was driving was stopped. *Id.* The officer who approached the vehicle after the stop observed a black brief case on the passenger's seat and something appearing to be the butt of a pistol tucked between Butcher's legs. *Id.* As Butcher exited the vehicle, officers observed a gun fall out of the truck. *Id.* The gun was a .25 caliber pistol that contained four live bullets. *Id.* A search of the briefcase revealed two plastic bags containing 39 grams of methamphetamine, a plastic scale, some plastic bags, $1000.00 in cash, and some cards with names and figures written on them. *Id.* Butcher was charged with being a felon in possession of a firearm. *See id.* at 812.

At trial, Butcher's wife testified that the gun was placed in the truck by her and that Butcher had no knowledge of it. *Id.* at 813. Similarly, Butcher testified that he had no knowledge that the gun was in the truck. *Id.* Over Butcher's objection, the district court admitted the drug evidence found during the stop of the

ORDER ADDRESSING PRETRIAL MOTIONS AND SETTING TRIAL DATE AND DEADLINES ~ 8

truck for the purposes of showing that Butcher knew the gun was present. *See id.* at 815.

On appeal, the Ninth Circuit concluded that the district court did not abuse its discretion when it admitted the drug evidence. *Id.* at 815-16. First, the Court was persuaded that the drug evidence was relevant to the question of whether Butcher had knowledge of the handgun, because Butcher's defense was that he had no knowledge that the weapon was present. *Id.* The Court recognized the "connection between narcotics sales and the possession of firearms." *Id.* at 816 (citing *United States v. Crespo de Llano*, 838 F.2d 1006 (9th Cir. 1987)). It concluded that "[a] rational trier of fact could infer from the presence of the scales, plastic bags, and the pay and owe sheets, that [Butcher] was preparing to engage in a narcotics transaction." *Id.* Accordingly, the Court concluded that the drug evidence which was found with the defendant and the firearm was properly admitted to show that Butcher knew that he was in possession of the weapon in the truck. *Id.*

The Court also upheld the admission of the drug evidence because the gun and drug evidence were "inextricably intertwined." *Id.* (quoting *United States v. Soliman*, 813 F.2d 277, 279 (9th Cir. 1987)). The Court noted that the drug evidence only became evidence of "other crimes" because Butcher was indicted on

ORDER ADDRESSING PRETRIAL MOTIONS AND SETTING TRIAL DATE AND DEADLINES ~ 9

less than all of his conduct. *Id.* Accordingly, the policies supporting Federal Rule of Evidence 404(b) did not apply.

In *Carrasco*, the Ninth Circuit faced a remarkably similar situation to the one in *Butcher*. Michael Carrasco was the driver of a vehicle that was stopped by police. *Carrasco*, 257 F.3d at 1047. Police asked Carrasco if there were any weapons in the vehicle, and Carrasco replied that there was a gun under the front passenger seat. *Id.* at 1047-48. A search of the vehicle revealed a .44 caliber revolver with several rounds of ammunition as well as some .20 gauge shotgun shells. *Id.* at 1048. Also found in the vehicle "was a small black scale with the residue of several narcotics, a bag full of pink baggies, a pink baggie containing a white substance (later determined not to be a controlled substance), and a glass methamphetamine pipe." *Id.* Carrasco was charged with one count of felon in possession of a firearm. *Id.* At trial, the district court admitted the scale and baggies for the purposes of showing that Carrasco knowingly possessed the firearm. *Id.*

Relying on *Butcher*, the *Carrasco* court held that it was not an abuse of discretion for the district court to admit the drug evidence. *Id.* at 1048-49. The Court noted that the amount of money and drugs Carrasco possessed was significantly less than the defendant in *Butcher*, but the Court found the evidence sufficiently probative of drug dealing to be admissible. *Id.* Additionally, the Court

ORDER ADDRESSING PRETRIAL MOTIONS AND SETTING TRIAL DATE AND DEADLINES ~ 10

found "the nexus between the drug trafficking evidence and the firearm and ammunition" sufficient to justify admission. *Id.* at 1049. Turning to Federal Rule of Evidence 403, the court found that the district court's limiting instructions combined with the "strong evidence that Carrasco possessed the shotgun shells" were sufficient to ensure that the probative value of the drug evidence was not substantially outweighed by the risk of unfair prejudice. *Id.*

*Butcher* and *Carrasco* establish that evidence of drug dealing can be relevant to determining whether a defendant knowingly possessed a firearm. Here, a review of the police reports and affidavits in this case suggests that a rational trier of fact could conclude that the Defendant was engaged in drug dealing activities. However, the nexus between the drug evidence and the firearm is not as well established.

Unlike in *Carrasco* and *Butcher*, the drug dealing evidence and the firearm discovered in this case are not inextricably entwined. In *Carrasco* and *Butcher*, the weapons, drugs, and defendant were all found in a single vehicle. Here, the Government has alleged that the Defendant was arrested in a different house from where the gun and drug evidence were discovered. Similarly, while the gun and body armor were discovered in the Defendant's bedroom, the drug related evidence is described as being found elsewhere.

ORDER ADDRESSING PRETRIAL MOTIONS AND SETTING TRIAL DATE AND DEADLINES ~ 11

Federal Rule of Evidence 403 provides that a court may exclude evidence where its probative value is substantially outweighed by the danger of unfair prejudice. Evidence of other bad acts carry risk of unfair prejudice. *Butcher* and *Carrasco* presented situations where the nexus linking the weapon to the drug evidence made the drug evidence sufficiently relevant to the issue of knowledge that, combined with a limiting instruction, the danger of unfair prejudice did not substantially outweigh the probative value. Here, however, where the nexus between the firearm and the drug evidence is diminished, the Court is convinced that the danger of unfair prejudice, even with a limiting instruction, would outweigh the probative value of the drug evidence. Accordingly, any evidence of drug dealing offered to prove that the Defendant knowingly possessed a firearm must be excluded.

**Defendant's Motion in *Limine***

The Defendant argues that drug modus operandi expert testimony should be excluded for three reasons: (1) that such testimony was untimely produced; (2) that exclusion is required under Federal Rule of Evidence 702 after a Daubert hearing; and (3) that the probative value of such testimony is substantially outweighed by its prejudicial effect under Federal Rule of Evidence 403. ECF No. 49.

For the same reasons that the Court finds that the probative value of the drug evidence in this case is substantially outweighed by the danger of unfair prejudice,

ORDER ADDRESSING PRETRIAL MOTIONS AND SETTING TRIAL DATE AND DEADLINES ~ 12

the Court finds that testimony about the modus operandi of drug traffickers should also be excluded. Accordingly, the Defendant's motion to exclude expert testimony is granted.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED**:

1. The Defendant's Motion to Dismiss, **ECF No. 22**, is **DENIED**.

2. The Defendant's Motion for Production of 404(b) and 609 Evidence, **ECF No. 26**, is **DENIED in part with leave to renew** and **GRANTED in part**.

3. The Government must disclose any Federal Rule of Evidence 609 convictions that it intends to use to impeach any testimony of the Defendant within five (5) business days of the filing of this Order

4. Defendant's Motion to Interview Informant and/or Cooperating Co Defendants, **ECF No. 28**, is **DENIED**.

5. Defendant's Motion to Produce Witness Benefits, **ECF No. 30**, is **DENIED as moot**.

6. Defendant's Motion for Disclosure, **ECF No. 32**, is **DENIED as moot**.

7. Defendant's Motion in *limine,* **ECF No. 49**, is **GRANTED**.

8. Government's Motion in *limine,* **ECF No. 46**, is **DENIED**.

ORDER ADDRESSING PRETRIAL MOTIONS AND SETTING TRIAL DATE AND DEADLINES ~ 13

9. The original trial date of May 23, 2011, is **STRICKEN and RESET to May 24, 2011, at 9:00 a.m. in Yakima,** Washington.

10. A **final** pretrial conference shall be held on **May 24, 2011, at 8:30 a.m.** in **Yakima,** Washington.

11. Trial briefs, requested voir dire, and a set of proposed **joint jury instructions** shall be filed and served on or before **May 13, 2011.**

Jury Instructions should address only issues that are unique to this case and shall include instructions regarding the elements of each claim, any necessary definitions, and a proposed verdict form.

Parties shall supply the Court electronically with Joint Proposed Jury Instructions in Word or WordPerfect format and shall include:

(a) The instructions on which the parties agree; and

(b) Copies of instructions that are disputed (i.e., a copy of each party's proposed version of an instruction upon which they do not agree).

All jury instructions from the most current edition of the Ninth Circuit Manual of Model Jury Instructions may be proposed by number. The submission of the Joint Proposed Jury Instructions will satisfy the requirements of LR 51.1.(c).

Each party shall address any objections they have to instructions proposed by any other party in a memorandum by **May 20, 2011**. The parties shall identify the specific portion of any proposed instruction to which they object and shall

ORDER ADDRESSING PRETRIAL MOTIONS AND SETTING TRIAL DATE AND DEADLINES ~ 14

elaborate the basis for the objection.  Objections asserting that an instruction sets forth an incorrect statement of law shall describe the legal authority that supports the objection.  Failure to file an objection to any instruction may be construed as consent to the adoption of an instruction proposed by another party.

12.  The parties are requested to submit courtesy copies of witness and exhibit lists to the Court no later than **12:00 noon the Thursday before trial commences**.

13.  The following procedures shall be utilized at trial:

(a)  The Court will conduct the majority of jury voir dire but allow counsel 10 minutes to ask additional questions or to do more in depth exploration of issues raised by the Court;

(b)  A total of 14 jurors will be selected.  Plaintiff shall have 7 peremptory challenges; Defendant shall have 11 peremptory challenges.  The challenges shall be exercised alternately.

(c)  Regular trial hours shall be from 9:00 a.m. to 12:00 noon, and 1:00 to 4:30 p.m., except the first day of trial which will begin at 11:00 a.m. with a final pretrial conference, and trial will begin at 1:00 p.m.

(d)  The jurors will be provided with notebooks for note-taking and a copy of preliminary instructions;

ORDER ADDRESSING PRETRIAL MOTIONS AND SETTING TRIAL DATE AND DEADLINES ~ 15

(e) Documents published to the jury by counsel shall be collected at the conclusion of trial each day or following a witness's testimony regarding the published document;

(f) A single photograph shall be taken of all witnesses following their testimony for use by the jury to correlate a witness with the testimony he or she provided. The photographs shall be maintained in a three-ring binder by the Court. The photograph will have the witness's name on it and the date of the witness's testimony. The photographs will be provided to the jury to assist them during deliberations. Following deliberations, the photographs will be destroyed by the Court and **will not** be a part of the record;

(g) Examination of witnesses shall be limited to direct, cross, redirect and recross. **Fed. R. Evid.** 611(a);

(h) Counsel are encouraged to limit requests for sidebars by anticipating legal and evidentiary issues so that the issues may be addressed before trial begins each day, during the lunch hour, or after trial hours;

(i) During trial, counsel are encouraged to exchange lists of the next day's witnesses and exhibits so that objections or legal issues may be anticipated and resolved outside the normal trial hours;

(j) Counsel shall have the next witness to be called to testify available outside the courtroom, to avoid delay; and

ORDER ADDRESSING PRETRIAL MOTIONS AND SETTING TRIAL DATE AND DEADLINES ~ 16

(k) An attorney's room for the Plaintiffs and for the Defendants is available on the Ninth Floor. Counsel may checkout keys from chambers staff to the counsel rooms for use during days of trial.

(l) If the Defendant is represented by CJA appointed counsel, the indigent Defendant's requests for issuance of subpoenas and payment of costs and fees for trial witnesses shall be filed no later than ten (10) days before trial, excluding weekends and holidays. Defense counsel may request, as needed, that the motion and order be filed under seal. Defense counsel shall prepare a proposed order that includes the following language:

    1) That the United States Marshal shall serve the subpoenas on the witnesses identified by name, address and phone number. The subpoena shall state when the witnesses' appearance is requested;

    2) The subpoenaed individual shall contact the United States Marshal in the District in which they are served so that the Marshal may make travel arrangements, for those witnesses requiring such arrangements;

    3) Defense counsel shall contact the Case Administrator in the District Court Executive's office, 509-458-3400, to obtain information on how to make lodging arrangements for those witnesses requiring lodging; and

    4) Any witness fees and per diem allowances shall be paid by the Government after the witness has testified. Requests for advance payment

shall be directed to the United States Marshal in the district in which the witness is served or the United States Marshal in the district in which the witness is present to provide testimony.

(m)   Counsel are on notice that no CJA money is available to pay per diem expenses for indigent Defendants. Should an indigent Defendant require transportation to the trial, housing and meals during the trial, defense counsel shall apply for such travel and costs no later than ten (10) days, excluding weekends and holidays, prior to the date of the trial.

The District Court Executive is directed to file this Order and provide copies to counsel.

**DATED** this 12th day of May, 2011.

*s/ Rosanna Malouf Peterson*
ROSANNA MALOUF PETERSON
Chief United States District Court Judge

ORDER ADDRESSING PRETRIAL MOTIONS AND SETTING TRIAL DATE AND DEADLINES ~ 18